UNITED STATES of America,
Plaintiff, Appellee,

v.

Roberto Louis Bosch MORALES,
Defendant, Appellant.

No. 80–1673.

United States Court of Appeals,
First Circuit.

Argued Jan. 8, 1982.

Decided March 1, 1982.

As Amended March 16, 1982.

On Rehearing May 24, 1982.

Owen S. Walker, Federal Public Defender, Boston, Mass., for defendant, appellant.

H. Manuel Hernandez, Asst. U. S. Atty., with whom Raymond L. Acosta, U. S. Atty., San Juan, P.R., was on brief, for plaintiff, appellee.

Before COFFIN, Chief Judge, TIMBERS, Senior Circuit Judge *, BREYER, Circuit Judge.

COFFIN, Chief Judge.

Appellant was indicted in the District of Puerto Rico for conspiring with a bank teller to misapply monies of a federally insured bank in violation of 18 U.S.C. § 371. A superseding indictment charged him with the identical conspiracy, and with thirteen counts of aiding and abetting the unindicted co-conspirator in misapplying those monies in violation of 18 U.S.C. §§ 2 and 656. The overt acts supporting the conspiracy count consisted "among others" of the same thirteen instances of fraudulent check cashing which were alleged to be substantive crimes. No other specific overt acts were alleged.

After a jury trial, the district judge instructed the jury that an essential element of the offense of conspiracy was that "one of the conspirators . . . knowingly committed at least one of the overt acts *charged in the indictment.*" (emphasis added). He repeated the essence of this charge, that the overt acts must be alleged in the indictment, on several occasions. In response to a later question from the jury, the judge issued a further instruction that the verdict with respect to the substantive counts need not be consistent with the verdict on the conspiracy count. Appellant's counsel did not object to this instruction.[1] The jury returned a verdict of guilty on the conspiracy count and not guilty on each of the substantive counts. Although appellant failed to object to the verdict, he now urges that the verdict on the substantive counts amounted to a finding that none of the alleged overt acts occurred, so that the jury's verdict on the conspiracy count should be reversed as plain error.

In light of the jury instructions, we are persuaded by appellant's argument.

It is clear that the government may ordinarily succeed in its conspiracy case by proving overt acts not mentioned in the indictment. *See, e.g., Napolitano v. United States*, 340 F.2d 313, 314 (1st Cir. 1965); *United States v. Sellers*, 603 F.2d 53, 56 (8th Cir. 1979), *vacated on other grounds*, 447 U.S. 932, 100 S.Ct. 3033, 65 L.Ed.2d 1127 (1980); *United States v. Armone*, 363 F.2d 385, 400–01 (2d Cir.), *cert. denied*, 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966). This is, indeed, the government's sole argument. But where the judge in his instructions to the jury refers repeatedly only to the specific overt acts alleged in the indictment, the absence of any evidence with respect to those alleged acts is grounds for reversal of the conspiracy conviction, even where there is evidence of other, nonalleged overt acts. *United States v. Negro*, 164 F.2d 168, 171–72 (2d Cir. 1947). We think the same principle is applicable here, where the jury's verdict of not guilty with respect to the substantive crimes of fraudulent check cashing constituted, in effect, a finding that none of the alleged overt acts took place. *See Herman v. United States*, 289 F.2d 362, 368–69 (5th Cir.), *cert. denied*, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961).

To reach its inconsistent verdict, the jury either must have ignored the judge's instruction that only overt acts alleged in the indictment could be considered as a necessary element of the conspiracy count, or the jury must have erred in acquitting appellant of all the substantive counts. In either case, the error is clear on the face of the indictment, instructions and verdict, and the district judge would have been in no better position than we to correct the mistake. Although appellant failed to object below, the verdict constituted "plain error", Fed.R.Crim.P. 52(b), and we accordingly reverse appellant's conviction. *Cf. Villarreal Corro v. United States*, 516 F.2d 137, 141 (1st Cir. 1975) (reversing as

and acquit on the conspiracy count, the reverse of what actually happened. The jury's query was not so specific to alert the court to the problem raised here.

---

* Of the Second Circuit, sitting by designation.

1. Appellant argues that the parties and the court below, in responding to the question, were considering only the possibility that the jury would convict on the substantive counts

plain error jury verdict which was irrational on its face).

We are of course aware of the general rule that actual or apparent inconsistency in a jury verdict in a criminal case is no basis for setting it aside. *See, e.g., Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Coran,* 589 F.2d 70, 76 (1st Cir. 1978). We rely here on the narrow exception to this rule, that a jury's acquittal on substantive counts operates as an acquittal on the underlying conspiracy count where the acquittal on the substantive counts constitutes a determination that no overt act in support of the conspiracy took place. *See generally* 8A Moore's Federal Practice ¶ 31.05[1] (2d ed. 1981). In our view, this doctrine, together with the court's instruction that the jury could consider only overt acts charged in the indictment, justify overturning the jury's verdict.

## ON PETITION FOR REHEARING

The government's strong petition for rehearing has led us to supplement and modify our reasoning, though not our disposition, in overturning appellant's conspiracy conviction. Although we state in our opinion that the jury must either have ignored the judge's instruction or erred in acquitting appellant of the substantive counts in order to reach its inconsistent verdict, we recognize that the jury may also have acted out of leniency. *Dunn,* 284 U.S. at 393, 52 S.Ct. at 190. Such inconsistency is ordinarily not a basis for reversal. But, as we note in the opinion, an exception to this rule has been recognized where a jury's acquittal on substantive counts constitutes a finding that no overt acts to support the conspiracy took place. *Herman; accord, United States v. Fuiman,* 546 F.2d 1155, 1158–59 (5th Cir. 1977); *cf. United States v. Moloney,* 200 F.2d 344, 346 (7th Cir. 1952) (acquittal of defendant on substantive counts constituted finding that underlying acts did not occur; conspiracy conviction reversed where evidence of other overt acts was insufficient).

▬ Were this the only exception to the *Dunn* rule, we might be prepared to reconsider it. But there is at least one other well-recognized exception to the rule against overturning inconsistent jury verdicts, namely, the principle that a conspiracy conviction of one defendant will not be upheld when all other alleged coconspirators are acquitted in the same trial. *See, e.g., United States v. Williams,* 503 F.2d 50, 54 (6th Cir. 1974); *United States v. Musgrave,* 483 F.2d 327, 333 (5th Cir.), *cert. denied,* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973); *United States v. Shuford,* 454 F.2d 772, 779 (4th Cir. 1971); *United States v. Austin-Bagley Corp.,* 31 F.2d 229, 233 (2d Cir.) (L. Hand, J.), *cert. denied,* 279 U.S. 863, 49 S.Ct. 479, 73 L.Ed. 1002 (1929). *But cf. United States v. Espinosa-Cerpa,* 630 F.2d 328, 331–33 (5th Cir. 1980) (divided panel questions validity of doctrine).

Both of these exceptions have been established despite the broad sweep of the *Dunn* rationale, perhaps because courts should take a closer look at conspiracy convictions where the jury's verdict on other counts indicates some doubt that a conspiracy actually took place. Until and unless the Supreme Court determines that these exceptions are not part of federal law, we are content that the narrow result we reach here is supported and justified.

*Reversed.*