**UNITED STATES, Appellant,**

v.

**Christopher E. KING, Defendant, Appellee.**

No. 87–1662.

United States Court of Appeals, First Circuit.

Submitted Aug. 27, 1987.

Decided Sept. 3, 1987.

---

Michael K. Loucks, Asst. U.S. Atty., and Frank J. McNamara, Jr., Acting U.S. Atty., Boston, Mass., on brief, for appellant.

Barry P. Wilson, Boston, Mass., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

The government has appealed, pursuant to 18 U.S.C. § 3731, an order of the district court excluding evidence of the homicide of New Jersey State Trooper Philip LaMonaco in the defendant's criminal trial for violations of 18 U.S.C. §§ 1962(c) and (d) (participation in a Racketeer Influenced and Corrupt Organization (RICO) and RICO conspiracy) and 18 U.S.C. § 2384 (seditious conspiracy). We affirm the order of exclusion.

BACKGROUND

The defendant, Christopher E. King, was indicted in May 1986 on the above-described charges along with seven other individuals. Count one of the indictment described the alleged racketeering conspiracy. It listed twenty seven predicate acts of racketeering. Predicate Act 26 alleged that on or about December 21, 1981, co-defendants Thomas Manning and Richard Williams murdered New Jersey State Trooper Philip LaMonaco.

In January 1987, according to the government, Manning was convicted of felony murder in the death of Trooper LaMonaco, in a New Jersey state trial. Also according to the government, that jury was unable to reach a verdict as to Williams. In February 1987, the government moved to delete Predicate Act 26 from the federal indictment. The motion was prompted by communication received from New Jersey prosecuting authorities which indicated that the State of New Jersey wished to retry Williams on the murder charge and that a conviction or acquittal in the federal prosecution likely would prejudice New Jersey's attempted retrial. The motion to delete was granted.

In April 1987, the case was reassigned to a different federal judge after a change of venue had been granted. In June 1987, King's trial was severed from the trial of the seven other defendants. In July 1987, the government gave notice of its intention to offer evidence of the homicide of Trooper LaMonaco in King's trial. The defendant objected on the ground that the government's attempted action was an unconstitutional amendment of the grand jury indictment.

At the hearing, the court ruled:

"Predicate Act 26 is out. It's out on two grounds. One, it's out because the government deleted it. And whatever their reasons, it is deleted, and I adopt the argument. But if they want to put it back in, they'll have to seek a superseding indictment.

"Wholly apart from that ... I read Rule 403 as sufficiently broad to give me the authority ... at this stage, given the fact that I have now been responsible for this case for some months, I have steeped myself in the documents of the case and the pleadings of the case, ... and on that basis I think that, given this record, the probative value of this evidence is substantially outweighed by confusion of the issues, and given the fact that the government itself was willing to forgo this proof, issues of undue delay, waste of time and needless presentation of cumulative evidence. Therefore, I'm not going to permit that evidence and I'm not going to allow the government to list those witnesses who would testify as to that."

It is this ruling which the government has appealed.

DISCUSSION

Before we proceed to the merits of this appeal, we address defendant's challenge to the appealability of the court order and thus to our jurisdiction. The defendant contends, as he did before the district court, that, by offering evidence of Predicate Act 26 at his trial, the government would be amending the indictment in violation of his right to be tried only for a crime charged in the grand jury indictment. *See United States v. Miller*, 471 U.S. 130, 142–43, 105 S.Ct. 1811, 1818–19, 85 L.Ed.2d 99 (1985) (stating that the proposition that a defendant cannot be convicted of an offense different from that which was included in the indictment, which was set out in *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), has been reaffirmed in a number of subsequent cases). The district court order prohibiting the admission of evidence of Predicate Act 26 is, according to the defendant, an order denying the right to amend the indictment. Such an order, the defendant's argument goes, is an interlocutory matter and not within the scope of 18 U.S.C. § 3731, which sets the statutory authorization for appeals by the government in criminal cases.

The district court, it appears, gave some credence to the defendant's contention that the government was seeking an amendment to the indictment because the court stated that the government would have to seek a superseding indictment. The government vigorously contends that offering evidence of Predicate Act 26 would not constitute an impermissible amendment of the indictment. The government argues that the defendant remains charged with the same crimes and that the inclusion or deletion of Predicate Act 26 would have no impact upon the elements of those crimes, but merely impact upon the proof that the government would be allowed to bring on the RICO, RICO conspiracy and seditious conspiracy charges. The government suggests that, indeed, if Predicate Act 26 had impacted on the elements of the crimes charged in the indictment, the prior deletion of Predicate Act 26, approved by the district court, would have been an improper amendment of the indictment. The govern-ment argues that offering evidence of Predicate Act 26 is offering evidence of an overt act committed by a coconspirator and, as such, is perfectly appropriate. *United States v. Morales*, 677 F.2d 1, 2 (1st Cir.1982) (the government may ordinarily succeed in its conspiracy case by proving overt acts not mentioned in the indictment.)

The government also points out that the harms sought to be avoided by the prohibition against a constructive amendment, *i.e.*, trial on a charge different from that found by the grand jury, the failure to inform the defendant of the nature and cause of the accusation, and a potential double jeopardy violation, are not implicated in this case. *United States v. Kelly*, 722 F.2d 873, 876 (1st Cir.1983), *cert. denied*, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984). Including evidence of Predicate Act 26 would not result in admitting evidence of an offense not charged by the grand jury since Predicate Act 26 was, in fact, part of the indictment returned by the grand jury. Similarly, the original indictment gave the defendant notice of the government's intent to include evidence of the incident described as Predicate Act 26, although it must be conceded that the preparation of a defense may suffer when subjected to the uncertainties which resulted from the government's action in this case, whatever its precipating cause, of including, deleting, and then seeking to re-include this matter. Finally, double jeopardy concerns would not appear implicated since the murder of Trooper LaMonaco was alleged to have been committed not by King, but by Manning and Williams, and the defendant King's liability for Predicate Act 26, if any, would be as a co-conspirator.

■ Whatever the merits of the government's contentions with respect to the question whether an improper constructive amendment of the indictment would result from the admission of evidence of Predicate Act 26, we do not reach them. We accept the defendant's argument and assume, but without deciding, that an order denying the right to amend is not within the scope of 18 U.S.C. § 3731. The district court, however, clearly indicated that its

ruling on Predicate Act 26 was in the alternative and that "wholly apart from" the alleged necessity of a superseding indictment it was excluding the evidence on the basis of Fed.R.Evid. 403. A pre-trial order of the district court excluding evidence is within the scope of 18 U.S.C. § 3731 and thus appealable by the government. 18 U.S.C. § 3731 ("An appeal by the United States shall lie to a court of appears from a decision or order of a district court suppressing or excluding evidence ... not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information....") We conclude, therefore, that we have jurisdiction over this appeal.

Our review of the district court's decision pursuant to Fed.R.Evid. 403 "is limited to determining, based on our examination of the record as a whole, whether the court abused its discretion." *United States v. Jarabek*, 726 F.2d 889, 903 (1st Cir.1984). We find no abuse of discretion in this case.

The government argues that evidence concerning Predicate Act 26 is relevant and that its admission would not result in unfair prejudice to the defendant. We can assume that both contentions are true. Rule 403 expressly pertains to relevant evidence which, nonetheless, may be excluded and we note that the reasons, as recited by the district court, for excluding this evidence tracked the language of Rule 403, except for the, we assume, intentional omission of any reference to the existence of unfair prejudice. Fed.R.Evid. 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The district court's rationale for exclusion was that the probative value of the evidence is substantially outweighed by confusion of the issues, and by considerations of undue delay, waste of time and needless presentation of cumulative evidence. The government contends that ex-cluding evidence of the murder of Trooper LaMonaco, which it characterizes as an overt act of the defendant's co-conspirators in furtherance of the conspiracy, on the grounds that it is cumulative evidence, in the sense that it is merely an additional overt act, or that it would confuse a jury because it is an act committed by conspirators other than the defendant on trial, would set an ill-advised precedent. The government forecasts that such a ruling, taken to its logical conclusion, would mean that proof of more than one overt act committed in furtherance of a conspiracy would be deemed repetitive and that only evidence of overt acts by the conspirator on trial would be admissible. The government argues that such a consequence would be contrary to its right to prove the existence, extent, purposes and membership of a charged conspiracy and to the well-settled principle that a conspirator is liable for the acts of co-conspirators if committed in furtherance of the goals of the conspiracy.

■ However appealing the government's argument is in the abstract, we do not find it applicable to the particular decision before us. We see no reason to read the district court's decision to exclude evidence of Predicate Act 26 as either prompted by the belief, or inevitably resulting in the conclusion, that proof of more than one overt act is repetitive and only evidence of overt acts by the conspirator on trial is admissible. Rather, the district court stated, *"given this record,* the probative value of this evidence is substantially outweighed by confusion of the issues, *and given the fact that the government itself was willing to forgo this proof,* issues of undue delay, waste of time and needless presentation of cumulative evidence." (Emphasis added.) The district court has considerable latitude in Rule 403 rulings, and even though another trial court might have ruled differently, we can find no abuse of discretion in excluding evidence of Predicate Act 26 in a case where evidence of twenty six other predicate acts remain in the government's arsenal of evidence and where the government, for whatever rea-

son, had once been willing to proceed to trial without that evidence.

*Affirmed.*