**UNITED STATES, Appellee,**

v.

**George BUCUVALAS,
Defendant, Appellant.**

**No. 89–1803.**

United States Court of Appeals,
First Circuit.

Heard April 2, 1990.

Decided July 25, 1990.

Terry Philip Segal, with whom Segal, Moran & Feinberg, Boston, Mass., was on brief for defendant, appellant.

Ralph D. Gants, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief for appellee.

Before TORRUELLA and SELYA, Circuit Judges, and COFFIN, Senior Circuit Judge.

COFFIN, Senior Circuit Judge.

In this appeal, we have occasion to consider the effect of jury verdicts acquitting

one alleged conspirator and convicting the sole other alleged conspirator on the same count in the same trial. Specifically, the convicted conspirator argues that the "rule of consistency"—a traditionally recognized exception to the general principle proclaimed in *Dunn v. United States*, 284 U.S. 390, 393–394, 52 S.Ct. 189, 190–191, 76 L.Ed. 356 (1932), that inconsistency in a criminal verdict does not require setting the verdict aside—invalidates his conviction. The defendant relies in large part on our approach in *United States v. Bosch Morales*, 677 F.2d 1, 3 (1st Cir.1982), wherein we acknowledged the rule of consistency while recognizing a similar exception to the *Dunn* rule. In light of the reasoning of *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), however, we conclude that the rule of consistency embraced by *Bosch Morales* is no longer viable. We therefore affirm the judgment.

A five-count indictment charged appellant George Bucuvalas, along with Aristides Poravas and Christie Venios, with attempted bribery under 18 U.S.C. § 201(b)(1) and with conspiracy to commit bribery under 18 U.S.C. § 371. The indictment alleged three separate deals with an undercover agent of the Internal Revenue Service. In the first deal, Bucuvalas allegedly paid cash in exchange for corrupt tax assistance. Then, in separate bribery schemes, he allegedly conspired first with Poravas, and then with Venios, to resolve the tax problems of those two individuals in the same manner. Accordingly, Count One charged Bucuvalas alone with bribery. Count Two charged Bucuvalas and Poravas with conspiracy, and Count Three charged both with the substantive bribery offense. In turn, Count Four charged Bucuvalas and Venios with conspiracy, and Count Five charged both with the underlying bribery.

The jury found Poravas guilty on both Counts Two and Three, and Venios not guilty on both Counts Four and Five. Yet it found Bucuvalas guilty only on Counts Three and Four—i.e., of the substantive bribery offense in connection with the Poravas deal, and of conspiracy in connection with the Venios deal. Bucuvalas appeals, arguing that because his alleged co-conspirator Venios was acquitted, his conviction on the conspiracy charge must be set aside.

■ The crime of conspiracy by definition involves an agreement between two or more persons to commit a criminal offense. *See, e.g., Rogers v. United States*, 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951); 18 U.S.C. § 371 ("If two or more persons conspire...."). The parties have stipulated for the purpose of this appeal (1) that there was sufficient evidence for a reasonable jury to convict Bucuvalas of conspiracy under Count Four, and (2) that there was not sufficient evidence for a reasonable jury to have found in Count Four that Bucuvalas conspired with anyone other than Venios.[1] In light of the parties' stipulations, the sole issue before us is whether the rule of consistency mandates Bucuvalas' acquittal on Count Four solely because his conviction was logically inconsistent with the acquittal of his sole alleged co-conspirator.[2]

■ The underlying rationale of the rule of consistency is that "the acquittal of all but one potential conspirator negates the possibility of an agreement between the sole remaining defendant and one of those acquitted of the conspiracy and thereby denies, by definition, the existence of any conspiracy at all." *United States v. Espinosa–Cerpa*, 630 F.2d 328, 331 (5th Cir.1980). This rationale rests on the assumption that an acquittal is necessarily equivalent to a factual determination by the jury that the government failed to prove guilt beyond a reasonable doubt.[3]

1. Consequently, it is of no significance that Count Four charged Bucuvalas with conspiring not only with Venios but "with other persons unknown to the grand jury."

2. The jury's verdict on Count Two, in which it convicted Poravas but acquitted Bucuvalas of

conspiracy, would seem similarly inconsistent. Poravas is not a party to this appeal.

3. In accordance with this rationale, the majority of courts invoking the rule of consistency have overturned a lone conspiracy conviction only when *all* alleged co-conspirators have been *ac-*

Similarly, in *Bosch Morales* we overturned a conspiracy conviction where the defendant had been acquitted of all the overt acts charged in support of the conspiracy, reasoning that "acquittal on the substantive counts constitutes a determination that no overt act ... took place." 677 F.2d at 3. Yet in *Dunn*, and again in *Powell*, the Court held that no such meaning could be imputed to a jury acquittal.

The petitioner in *Dunn* was convicted of maintaining a nuisance by keeping intoxicating liquor for sale at a specified place. He was acquitted, however, of additional counts charging unlawful possession and unlawful sale of such liquor. On appeal, he argued that his conviction on the nuisance charge was inconsistent with his acquittal on the other counts, and must therefore be reversed. The Court rejected this argument, holding that "[c]onsistency in the verdict is not necessary." 284 U.S. at 393, 52 S.Ct. at 190. The Court recognized that "the verdict may have been the result of compromise, or of a mistake," *id.* at 394, 52 S.Ct. at 191, but declined to upset the verdict by speculation into the matter. It therefore affirmed Dunn's conviction, stating:

> The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but *that does not show that they were not convinced of the defendant's guilt.* We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.

*Id.* (quoting *Steckler v. United States,* 7 F.2d 59, 60 (2d Cir.1925) (emphasis added)).

In *Powell*, the Court unanimously reaffirmed the *Dunn* rule. The petitioner in *Powell* was convicted under 21 U.S.C. § 843(b) of "facilitat[ing]" certain felo-nies—conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine—but was acquitted of those same underlying offenses. Assuming such verdicts to be inconsistent, the Court nonetheless upheld the convictions. The Court disapproved several recent cases, including our *Bosch Morales* decision, that had "begun to carve exceptions out of the *Dunn* rule," *id.* at 63, 105 S.Ct. at 475, saying that "[t]he rule established in *Dunn* ... has stood without exception in this Court for 53 years.... [W]e think it should [remain that way]." *Id.* at 69, 105 S.Ct. at 479. It held that, in the face of inconsistent verdicts, one cannot "necessarily assume[ ] that the acquittal ... was proper—the one the jury 'really meant.'" *Id.* at 68, 105 S.Ct. at 478. "It is equally possible that the jury, convinced of guilt, properly reached its conclusion on [one] offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the [other] offense." *Id.* at 65, 105 S.Ct. at 476.

The Court noted that the prerogative to reach inconsistent verdicts through compromise or leniency, while technically unlawful, has been recognized as consonant with the jury's "historic function, in criminal trials, as a check against arbitrary or oppressive exercises of power by the Executive Branch." 469 U.S. at 65, 105 S.Ct. at 476. It rejected as unworkable and unwise a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their cases mistake rather than leniency had been the cause. The Court indicated that independent review of the sufficiency of the evidence by the trial and appellate courts affords adequate protection against "jury irrationality." 469 U.S. at 67, 105 S.Ct. at 478.

Neither *Dunn* nor *Powell*, of course, involved inconsistent verdicts between two

quitted by a jury in the *same* trial. The rule has been deemed inapplicable, for example, where the convicted defendant was alleged and shown to have conspired with one or more persons who were unapprehended, dead, or simply "unknown." Similarly, if any co-conspirator's case was disposed of other than on the merits—such as through a grant of immunity or by *nolle prosequi*—the lone conviction typically has been upheld. And most courts have refused to apply the rule where co-conspirators have been tried separately. *See generally* 2 W. LaFave & A. Scott, *Substantive Criminal Law* § 6.5(g)(1) (1986); P. Marcus, *The Prosecution and Defense of Criminal Conspiracy Cases* § 2.03 (1989); Note, *The Unnecessary Rule of Consistency in Conspiracy Trials,* 135 U.Pa.L.Rev. 223, 224 (1986).

alleged co-conspirators.[4] Yet in the wake of the *Powell* decision, the continuing vitality of the rule of consistency has been sharply questioned, because the acquittal of all conspirators but one does not, under *Powell*, necessarily indicate that the jury found no agreement to act. Two circuits explicitly have abandoned the rule. *United States v. Andrews*, 850 F.2d 1557, 1560–62 (11th Cir.1988) (en banc) (overruling *Herman v. United States*, 289 F.2d 362 (5th Cir.1961)), *cert. denied*, — U.S. —, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989); *United States v. Valles–Valencia*, 823 F.2d 381, 382 (9th Cir.1987), *modifying* 811 F.2d 1232 (overruling *Lubin v. United States*, 313 F.2d 419 (9th Cir.1963)).[5] And many others have, in dictum, expressed doubts as to the rule's current validity. *See, e.g., United States v. Dakins*, 872 F.2d 1061, 1065 (D.C. Cir.) (*Powell* "cast[s] doubt" upon rule), *cert. denied*, — U.S. —, 110 S.Ct. 410, 107 L.Ed.2d 375 (1989); *United States v. Garcia*, 882 F.2d 699, 704–05 (2d Cir.) (quoting *Andrews* favorably), *cert. denied*, — U.S. —, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *Government of the Virgin Islands v. Hoheb*, 777 F.2d 138, 142 n. 6 (3d Cir.1985) (rule "may be a vestige of the past"); *United States v. Villasenor*, 894 F.2d 1422, 1428 n. 6 (5th Cir.1990) ("of highly questionable validity")[6]; *United States v. Mancari*, 875 F.2d 103, 104 (7th Cir.1989) (*Valles–Valencia* decision "makes good sense"). *See also* Note, *The Unnecessary Rule of Consistency in Conspiracy Trials*, 135 U.Pa.L.Rev. 223 (1986).

The sole divergent view appears in *United States v. Suntar Roofing, Inc.*, 897 F.2d 469 (10th Cir.1990). The district court had rejected the rule in light of *Powell* and the *Andrews* and *Valles–Valencia* decisions. 709 F.Supp. 1526, 1530–34 (D.Kan.1989). The Tenth Circuit, while affirming the convictions due to the existence of unindicted co-conspirators,[7] implied that, in its view, the rule may have continuing vitality: "Unfortunately, the trial court's conclusion is substantially undercut by the fact that the *Powell* opinion does not discuss *Hartzel [v. United States*, 322 U.S. 680, 64 S.Ct. 1233, 88 L.Ed. 1534 (1944) ] or expressly overturn the traditionally recognized exception." 897 F.2d at 475.

Yet the *Hartzel* decision to which the Tenth Circuit referred did not involve inconsistent jury verdicts. Instead, the "only co-conspirators of petitioner named in the indictment" had their convictions set aside by judges due to insufficient evidence. 322 U.S. at 682 n. 3, 64 S.Ct. at 1234 n. 3. It has been, and remains, the law that where the evidence against all of an individual's alleged co-conspirators is deemed legally insufficient, the evidence against that individual is by definition also insufficient. *See, e.g., Morrison v. California*, 291 U.S. 82, 93, 54 S.Ct. 281, 286, 78 L.Ed. 664 (1934); *Gebardi v. United States*, 287 U.S. 112, 116, 123, 53 S.Ct. 35, 36, 38, 77 L.Ed. 206 (1932); *United States v. Velasquez,*

**4.** The Ninth Circuit's opinion in *Powell*, which the Court reversed, did, however, expressly rely on "lone conspirator" cases, as well as our *Morales* decision, to justify its application of a *Dunn* exception. 719 F.2d 1480, 1480 n. 1 (9th Cir.1983), *rev'd*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

**5.** Although the *Valles–Valencia* court referred to "evidence that there were unindicted co-conspirators," 823 F.2d at 382, it had indicated in its initial opinion that "the government failed to produce 'substantial evidence' that the [sole convicted conspirator] conspired with those persons." 811 F.2d at 1239. Thus, the Ninth Circuit's abolition of the rule of consistency was not dictum.

**6.** Four years before *Powell*, the Fifth Circuit engaged in a careful analysis of the rule and

concluded "there is serious question as to the logical foundation" for its continued application. *United States v. Espinosa–Cerpa*, 630 F.2d 328, 332 (5th Cir.1980). The court noted that the rule apparently developed in English common law for reasons that are now irrelevant: in particular, until 1907 English appellate tribunals lacked the capacity to examine the sufficiency of the evidence and were restricted to a review for "repugnancy" on the face of the record. *Id.* at 332 n. 5. The court also observed that the rule had recently "come into serious question" in England. *Id.* The Third Circuit in 1985 described it as having "recently been reconsidered and interred in the land of its birth." *Hoheb*, 777 F.2d at 140 n. 4.

**7.** The corporation and its president, who cannot legally conspire with each other, were the two defendants convicted of conspiracy.

885 F.2d 1076, 1090–1091 and n. 13 (3d Cir.1989) (expressly noting it was not applying the rule of consistency, court held that an earlier appellate finding of insufficient evidence to convict the only alleged co-conspirator required finding insufficient evidence as to the remaining defendant.); *United States v. Levario,* 877 F.2d 1483, 1486 (10th Cir.1989) (trial court's granting motion for judgment of acquittal as to only alleged co-conspirator precluded conspiracy conviction); *United States v. Hernandez–Palacios,* 838 F.2d 1346, 1348–49 (5th Cir. 1988) (same). A court's determination that there is insufficient evidence to convict cannot be equated with a jury's determination that a defendant, for whatever reason, should be acquitted. Accordingly, rather than there being any "conflict between *Powell* and *Hartzel," Suntar Roofing,* 897 F.2d at 475–476, the Court's emphasis in *Powell* on the sufficiency of the evidence fully embraces the *Hartzel* ruling. *See Andrews,* 850 F.2d at 1562 n. 15.

The defendant has made no mention of this case law. He contends that conspiracy is different from other offenses because the acquittal of his sole alleged co-conspirator necessarily means that the government has not proved an essential element of its case. But *Powell* teaches that a jury's verdict of not guilty "is not the same thing as a finding of insufficient evidence to allow a conviction." *Andrews,* 850 F.2d at 1563 n. 15. Moreover, an apparent failure to prove an essential element of the offense would not distinguish conspiracy from any other case involving an inconsistent verdict. In *Dunn,* for example, an essential element of the offense of nuisance for which Dunn was convicted was the possession for sale of alcohol; yet he was acquitted of both possession and sale of alcohol. By the same reasoning Bucuvalas applies, it would seem that the

government also failed to prove an essential element of the offense for which Dunn was convicted.

Bucuvalas also attempts to distinguish *Powell* and *Dunn* on the basis that each involved inconsistent verdicts on separate charges against a single defendant. Yet the Court's reasoning "applies with undiminished force to a case in which the jury has treated codefendants inconsistently." *Mancari,* 875 F.2d at 104. "[A]fter *Powell* there can be no *presumption* that the jury acquitted [one co-conspirator] because the government had failed to prove him guilty beyond a reasonable doubt, and convicted [the other co-conspirator] lawlessly." *Id.* (emphasis in original). *Cf. Harris v. Rivera,* 454 U.S. 339, 345, 102 S.Ct. 460, 464, 70 L.Ed.2d 530 (1981) (per curiam); *Standefer v. United States,* 447 U.S. 10, 25, 100 S.Ct. 1999, 2008, 64 L.Ed.2d 689 (1980); *United States v. Dotterweich,* 320 U.S. 277, 279, 64 S.Ct. 134, 135, 88 L.Ed. 48 (1943). *Powell* holds that inconsistent verdicts, whether the result of leniency, compromise, or mistake, "should not be reviewable." 469 U.S. at 66, 105 S.Ct. at 477 (footnote omitted).[8]

We therefore hold that the "rule of consistency" exception to the *Dunn* rule is no longer viable in light of *Powell.* As the Supreme Court has indicated in similar circumstances, we do not by so holding "deviate from the sound teaching that 'justice must satisfy the appearance of justice.'" *Standefer,* 447 U.S. at 25, 100 S.Ct. at 2008 (quoting *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954)). But *Powell* instructs that the appearance of justice is satisfied by a reviewing court's finding that the evidence was sufficient to support the jury's decision. 469 U.S. at 67, 105 S.Ct. at 478. As the defendant has stipulated that the evidence was sufficient to support his conspiracy conviction, the

---

**8.** Given defendant's central role in the bribery scheme here, and the fact that Venios allegedly became involved at defendant's instigation, it is conceivable that the jury acquitted Venios out of leniency. More likely, perhaps, is that the jury made a mistake and intended to convict defen-

dant, as it did Poravas, of conspiracy on Count Two. Such speculation, of course, only reinforces the wisdom of "the strong policy against probing into the jury's logic or reasoning." *United States v. Martorano,* 557 F.2d 1, 9 (1st Cir.1977).

judgment is *affirmed.*[9]

9. Because this case has required us to reexamine *Bosch Morales* in light of *Powell,* the panel has circulated the opinion to the entire court for comments prior to release and publication.