UNITED STATES of America, Plaintiff

v.

Nelson J. FONT–GONZALEZ, et al., Defendant(s).

Criminal No. 07–170(JAG).

United States District Court, D. Puerto Rico.

April 29, 2008.

---

**234**

G. Andrew Massucco–LaTaif, Olga B. Castellon–Miranda, United States Attorney's Office, San Juan, PR, for Plaintiff.

Anita Hill–Adames, Anita Hill Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court are several Motions for Judgment of Acquittal filed by Defendants Pedro Molina–Bonilla ("Molina"), Monica Delgado Matos ("Delgado"), Victor Sanjurjo Nunez, ("Sanjurjo") and Waldemar Torres Gonzalez ("Torres") (collectively "Defendants"). (Docket Nos. 332, 345, 346, and 349). For the reasons set forth below, the Court **DENIES** Defendants' Motions.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2008, the jury trial of this case commenced. On February 22, 2008, the jury returned its verdict. Molina was found guilty of Counts One, Two, Three and Nine of the Indictment, which charged a conspiracy of dealing in firearms without a license. (Docket No. 321). On March 2, 2008, Molina filed a Rule 29(c) Motion for Judgment of Acquittal. In support of his Motion, Molina alleges that the conversation between undercover agent Julio Gines' ("Gines") and Defendants was improperly admitted under Federal Rule of Evidence 801(d)(2)(E). Molina avers that the Court never ruled on the issue of the existence of a conspiracy prior to receiving the evidence as required by Rule 801(d)(2)(E). According to Molina, the evidence is insufficient to sustain a conviction on each of the three Counts he was charged with, more so when Gines' testimony is inadmissible. (Docket No. 332).

Delgado also contends that the evidence presented at trial is insufficient to support her Count Two conviction of aiding and abetting dealing in firearms without a license. (Docket No. 345). Likewise, Sanjurjo also requests that this Court enter a judgment of acquittal on his behalf because the evidence is insufficient to sustain a conviction for Count Three, aiding and abetting dealing in firearms without a license. (Docket No. 346).

On April 11, 2008, Torres filed his Motion for Judgment of Acquittal. Torres avers that the evidence presented is insufficient to support his Counts One, Three, Six, Seven, Eight, Eleven, and Twenty–One convictions. Furthermore, Torres argues that Counts Seven and Eight should be dismissed by this Court because they constitute "charge entrapment." Finally, Torres contends that "[t]he requirements of Rule 801(d)(2)(E) of the Federal Rules

of Evidence were not complied with in relation to the many alleged co-conspirators statements which were presented and objected to during the course of the trial." (Docket No. 349). The Government opposed all of the Motions for Judgment of Acquittal. (Docket Nos. 348, 354).

## DISCUSSION

### 1. *Hearsay*

■ We will first analyze whether under Rule 801(d)(2)(E) Gines's statements were improperly admitted. Rule 801(d)(2)(E) states that "[a] statement is not hearsay if ... (2) ... [it] is offered against a party and is ... (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish ... the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)." Fed.R.Evid. 801(d)(2)(E).

■ Thus, a declaration made by a defendant is admissible against another defendant under Rule 801(d)(E) if the government establishes by preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy. *United States v. Perez–Ruiz*, 353 F.3d 1, 11 (1st Cir.2003). Although the preferred method of proving these requirements is in a hearing prior to the admission of the evidence, it is nevertheless within the court's discretion to admit the alleged co-conspirator statements subject to these three requirements being proven during trial. *United States v. Weaver*, 507 F.3d 178, 187 (3d Cir.2007); *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993); *United States v. Fernandez*, 797 F.2d 943, 945 (11th Cir.1986)("The district court has discretion to admit [coconspirator] statements subject to proof of these three requirements during the course of the trial.").[1]

In the case at bar, this Court exercised its discretion and admitted Gines's conversation with Defendants, subject to the three aforementioned requirements being proven at trial. Thereafter, the Court ruled the government established by preponderance of the evidence that a conspiracy existed, that the Defendants and Gines[2] were members of the conspiracy, and that the statements were made during the course and in furtherance of the conspiracy. As such, Gines's statements were not improperly admitted.

### 2. *Rule 29 Motion for Judgment of Acquittal*

Pursuant to Federal Rule of Criminal Procedure 29(c), "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed.R.Crim.P. 29(c)

■ In reviewing a post-verdict motion for judgment of acquittal, the stan-

---

1. Our Circuit has not clearly stated whether or not it adopts the majority position that district courts have discretion to admit the alleged co-conspirator statements subject to the three aforementioned requirements being proven during trial. *United States v. Silvano*, 812 F.2d 754, 761 (1st Cir.1987).

2. Gines, an undercover agent, was acting as a member of the conspiracy when he had the aforementioned conversations with Defendants.

dard is whether the evidence, "taken in the light most amicable to the prosecution, together with all reasonable inferences favorable to it, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant was guilty as charged." *U.S. v. Maraj*, 947 F.2d 520, 523 (1st Cir.1991). The Government "need not exclude every reasonable hypothesis of innocence, provided the record as a whole supports a conclusion of guilt beyond a reasonable doubt." *U.S. v. Victoria–Peguero*, 920 F.2d 77, 86–87 (1st Cir.1990); *See also U.S. v. Gonzalez–Velez*, 466 F.3d 27, 37 (1st Cir.2006).

■ The inquiry into the sufficiency of the evidence to support a finding of guilt "does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citations omitted). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution." *Id.* at 319, 99 S.Ct. 2781. "[A] verdict ·of guilty shall stand unless, after reviewing the evidence in the light most favorable to the prosecution, the Court finds that *no rational trier of fact* could have found proof of guilt beyond a reasonable doubt." *U.S. v. Marquez Figueroa*, 283 F.Supp.2d 596, 598 (D.P.R.2003)(*citing Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979))(emphasis in the original).

■ Molina contends that there is insufficient evidence to sustain his conspiracy conviction. "To obtain a conspiracy conviction, the government must prove that there was an agreement between two or more participants to achieve a particular illegal end." *U.S. v. Amiel*, 95 F.3d 135 (2nd Cir.1996). "The agreement need not be shown to have been explicit. It can instead be inferred from the facts and circumstances of the case." *Id.* (citing *Iannelli v. United States*, 420 U.S. 770, 777 n.10, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975)). In a conspiracy, the evidence must be sufficient to establish that a defendant joined a conspiracy, knowing of its essential and illegal character, and an overt act was committed in its furtherance. *U.S. v. Benmuhar*, 658 F.2d 14, 16 (1st Cir.1981). However, not every conspirator need know every detail of the conspiracy. *Id.* (citing *U.S. v. McCarty*, 611 F.2d 220, 222 (8th Cir.1979)). Furthermore, "[a] conspiratorial agreement may be inferred from circumstantial evidence." *U.S. v. Nelson–Rodriguez*, 319 F.3d 12, 28 (1st Cir.2003).

This Court finds that after viewing the totality of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the conspiracy beyond a reasonable doubt. The jury had sufficient evidence to believe that a conspiracy existed, that Molina knowingly and voluntarily joined in the conspiracy knowing of its illegal nature and that overt acts in furtherance of the conspiracy occurred. Thus, Molina's Motion for Judgment of Acquittal shall be denied. Likewise, the Court finds that there is sufficient evidence to sustain all of Defendants' convictions. As such, Defendants' Rule 29(c) Motions that are based on insufficiency grounds cannot prevail.

In his Motion for Judgment of Acquittal, Torres also proffered a general assertion that there has been "charged entrapment" in this case. Torres did not advance any argument other than the general assertion that Counts Seven and Eight of the Second Superseding Indictment constitute "charge entrapment." Possibly recognizing the futility of this motion, Torres failed to submit a memorandum of law in support of this broad-based argument. Thus, the Court was left to review the record in search of any basis for Torres's Motion. As just mentioned, the evidence in support of the guilty verdicts against Torres is overwhelming and it is clear that a rational jury could conclude beyond a reasonable doubt that Torres is guilty of the crimes charged. As such, Torres's general assertion that there was "charged entrapment" in this case does not sway this Court to overturn its finding that the evidence at trial was sufficient to sustain his convictions.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendants' Motions for Judgment of Acquittal. (Docket Nos. 332, 345, 346, and 349).

IT IS SO ORDERED.