NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4317
_____

UNITED STATES OF AMERICA

v.

DERRICK JACKSON,

Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-08-cr-00121-001)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2010
_____

Before:  AMBRO, FISHER, and GARTH, Circuit Judges

(Opinion filed: November 29, 2010)
_____

OPINION
_____

AMBRO, Circuit Judge

Derrick Jackson was convicted by a jury of bribery, wire fraud, knowing disclosure of

contractor bid information, and conspiracy.  After a trial, he filed a motion for judgment

of acquittal or for a new trial on grounds that (1) the jury returned an inconsistent verdict

and (2) there was insufficient evidence to support his convictions for disclosure and conspiracy. The District Court denied his motion. Following sentencing, Jackson appealed. [1] We now affirm.

## I.

Because we write solely for the parties, we recite only those facts necessary for our decision. In March 2008, Jackson was indicted for using his official position to secure Government contracts for Computer Giants, an information technology company, in exchange for payments of cash, gift cards, and computer equipment. The indictment charged Jackson with the crimes noted at the outset of this opinion, and he pleaded not guilty to each.

While the jury convicted Jackson on all counts of the indictment, it concluded that bribery and wire fraud were not objects of the conspiracy. Following the trial, Jackson filed a motion for judgment of acquittal or for a new trial. The District Court denied the motion, and thereafter sentenced Jackson to concurrent terms of 60 months' imprisonment, three years of supervised release, an $80,000 restitution order, and special assessments. Jackson now appeals the Court's denial of his motion.

## II.

We exercise plenary review over a district court's denial of a motion for judgment of acquittal. *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009). However, "[o]ur review of a sufficiency of the evidence challenge is guided by strict principles of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

deference to a jury's verdict. We must view the evidence in the light most favorable to the [G]overnment and must sustain a jury's verdict if 'a reasonable jury believing the [G]overnment's evidence could find beyond a reasonable doubt that the [G]overnment proved all the elements of the offenses.'" *United States v. Rosario*, 118 F.3d 160, 162-63 (3d Cir. 1997).

Jackson makes two arguments on appeal. First, he contends that his convictions for bribery and wire fraud should be vacated because they are inconsistent with the finding of the jury that neither was an object of the conspiracy. He concedes that the seminal cases on verdict inconsistencies rejected defendants' claims that their convictions should be vacated on this ground. *See United States v. Powell*, 469 U.S. 57 (1984); *United States v. Dunn*, 284 U.S. 390 (1932); *United States v. Gross*, 961 F.2d 1097 (3d Cir. 1992). However, he analogizes to *United States v. Morales*, in which the Court of Appeals for the First Circuit overturned a verdict where the jury found the defendant guilty of conspiracy to misapply money but not of the underlying offense. 677 F.2d 1, 3 (1st Cir. 1982) (relying on a "narrow exception" to the general rule that "actual or apparent inconsistency is no basis for setting it aside").

The problem for Jackson is that the First Circuit no longer recognizes the rule of *Morales*. *United States v. Bucuvalas,* 909 F.2d 593 (1st Cir. 1990) ("In light of the reasoning of *United States v. Powell,* 469 U.S. 57 (1984), . . . we conclude that the rule of consistency embraced by *Morales* is no longer good law."). In addition, the reasoning of *Morales* fails here. In that case, the Court reversed the jury verdict because misapplication of funds was an essential element of the conspiracy, and "a jury's

3

acquittal on substantive counts constitutes a determination that no overt act took place."

*Morales*, 677 F.2d at 3. Our case presents exactly the opposite situation. Here, the jury found Jackson guilty of bribery and wire fraud, but not of conspiracy to commit the same. Because conspiracy is not an element of bribery or wire fraud, *Morales* does not apply.

Jackson also argues that the record contains insufficient evidence from which a rational trier of fact could have found him guilty beyond a reasonable doubt of the disclosure of confidential bid information or conspiracy to disclose such information and to commit theft. We disagree. The Government has pointed to substantial evidence, including the testimony of two witnesses, that Jackson knowingly provided information to Computer Giants with the intent to give it a comparative advantage in the bidding process.[2] The same evidence supports the conspiracy conviction for disclosure of confidential bid information. As for conspiracy to commit theft, four witnesses testified that Jackson stole items from his Government employer's stock room and, with the help of another individual, ordered items though his employer for his personal use. This evidence is more than sufficient to support the jury's verdict on these charges.

\* \* \* \* \*

In this context, we affirm.

---

[2] Specifically, two witnesses testified that they, along with Jackson, agreed to participate in the plan to provide "inside bids" to Computer Giants at a meeting in a New York City restaurant. They also testified that, subsequent to that meeting, Jackson sent at least three such inside bids to Computer Giants via e-mail, which it later used to underbid competitors and win Government contracts.

4