UNITED STATES of America,

v.

Vincent A. CIANCI, Jr., a/k/a "Buddy"; Frank E. Corrente; and Richard E. Autiello.

CR No. 00–083–T.

United States District Court, D. Rhode Island.

July 17, 2002.

Martin G. Weinberg, Oteri, Weinberg & Lawson, Boston, MA, John A. MacFadyen, III, Providence, RI, Richard M. Egbert, Boston, MA, Edward J. Romano, North Providence, RI, for Vincent A. Cianci.

John A. MacFadyen, III, Providence, RI, C. Leonard O'Brien, Jr., Providence, RI, for Frank E. Corrente.

Patricia K. Rocha, Walter Ray Stone, John A. Tarantino, Adler Pollock & Sheehan, Providence, RI,John A. MacFadyen, III, Providence, RI, for Artin H. Coloian.

Richard C. Bicki, Cerilli, McGuirl & Bicki, Providence, RI, John A. MacFadyen, III, Providence, RI, Edward L. Gerstein, Little Compton, RI, for Richard E. Autiello.

John A. MacFadyen, III, Providence, RI, Mark A. Fay, William J. Murphy, Murphy & Fay, L.L.P., Providence, RI, Emili B. Vaziri, W.G. Grande & E. Vaziri Law, Inc., Providence, RI, for Edward Voccola.

Joseph A. Bevilacqua, Jr., David A. Levy, Bevilacqua & Cicilline, Providence, RI, John Cicillini, Providence, RI, for Joseph Pannone.

Richard W. Rose, U.S. Attorney's Office, Providence, RI, for U.S.

## MEMORANDUM AND ORDER

TORRES, Chief Judge.

The defendants have moved, pursuant to Federal Rule of Criminal Procedure 29(a), for judgments of acquittal with respect to charges that they conspired to and did, in fact, conduct the affairs of an enterprise through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1962(c) and (d).

The issue to be decided is whether, under RICO, an association-in-fact enterprise may consist of both (1) a group of individuals who joined together for a common criminal purpose and (2) lawful entities such as municipalities and/or their departments and agencies that, themselves, do not share that purpose but are controlled and used by the individuals to achieve it.

Because I answer that question in the affirmative, the motions for judgment of acquittal are DENIED.

### *Background*

Defendant Vincent A. Cianci, Jr., is the mayor of the City of Providence (the "City"). Defendant Frank E. Corrente was the City's director of administration and the treasurer of Friends of Cianci ("Friends"), an organization that raised money for the mayor's political campaigns. Defendant Richard E. Autiello operates an automobile repair and towing company that does a considerable amount of business with the City and has been active in soliciting funds for Friends from other towing companies.

The defendants were tried for conducting and conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c) and (d), respectively, and for a variety of related offenses alleged to be part of the pattern.

At the close of the evidence, the Court reserved decision on the defendants' motions for judgment of acquittal with respect to the RICO conspiracy count (Count I) and the substantive RICO count (Count II). Since the jury has returned a verdict finding all three defendants guilty of RICO conspiracy and Corrente guilty of the substantive RICO violation, the Court, now, must decide the motions for judgment of acquittal with respect to those two counts.

Most of the arguments made by the defendants have been rejected for reasons

previously stated by the Court, and there is no need to repeat those reasons. The only remaining issue is whether the association-in-fact enterprise alleged in the indictment satisfies the requirements of RICO. More specifically, the issue is whether an association-in-fact enterprise may include both a group of individuals who have joined together for a common criminal purpose and governmental entities that, themselves, do not share that purpose.

The indictment described the alleged "enterprise" as an "association-in-fact" enterprise consisting of the defendants; Joseph Pannone,[1] Friends of Cianci, the City, and various departments and agencies of the City allegedly used by the defendants to award contracts and dispense jobs in exchange for bribes and political contributions.

The defendants contend that, in order for an association-in-fact enterprise to exist, the alleged members must have a common purpose. They argue that the "hybrid" enterprise alleged in this case does not qualify because the City and its departments were legitimate entities that did not subscribe to the defendants' alleged criminal objectives.

### Standard of Review

In ruling on a motion for judgment of acquittal, the Court is required to view the evidence in the light most favorable to the government. *United States v. Olbres*, 61 F.3d 967, 970 (1st Cir.1995). That means that the Court must "resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must

choose the inference that best fits the prosecution's theory of guilt." *Id.*

When, as here, the Court reserves decision on a motion for judgment of acquittal, the Court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed.R.Crim.P. 29(b). Thus, that decision will not affected by intervening verdicts of acquittal on other counts. *See United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (holding that sufficiency of the evidence review "should be independent of the jury's determination that evidence on another count was insufficient"); *United States v. Bucuvalas*, 909 F.2d 593, 597 (1st Cir.1990) ("*Powell* teaches that a jury's verdict of not guilty 'is not the same thing as a finding of insufficient evidence to allow a conviction.' ") (*quoting United States v. Andrews*, 850 F.2d 1557, 1563 n. 15 (11th Cir.1988) (en banc)).

### Discussion

In this case, as the Court previously has ruled, there was sufficient evidence to permit a jury to find the existence of an overarching RICO conspiracy among the defendants and that various City departments and agencies were utilized to further the purposes of that conspiracy. However, there is no evidence that the departments and/or agencies, themselves, shared those purposes. Consequently, the question presented is whether the City and its departments and agencies could have been part of the association-in-fact enterprise alleged in the indictment.

RICO defines the term "enterprise" as follows:

(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or

---

1. Pannone, the former chairman of the Providence Board of Tax Assessment Review, was named as a defendant and previously was

sentenced after pleading guilty to the RICO, RICO conspiracy, extortion conspiracy, and mail fraud conspiracy charges against him.

group of individuals associated in fact although not a legal entity.

18 U.S.C. § 1961(4).

It is clear from that definition that an enterprise may consist of either an entity cognizable under the law (i.e., a legal-entity enterprise) or a group of associated individuals who have no legally recognized status (i.e., an association-in-fact enterprise).

An entity need not have an unlawful purpose in order to be an enterprise. Indeed, one of the principal purposes of RICO was to prevent organized crime from investing in or using legitimate businesses for the conduct of racketeering activity. 18 U.S.C. § 1962 (prohibiting investing in or using legitimate business for racketeering purposes); *see also* Organized Crime Control Act of 1970, Pub.L. 91–452, 84 Stat. 922–23 (declaring organized crime's infiltration of legitimate business as one impetus for RICO statute). On the other hand, in order for a group of individuals to constitute an association-in-fact enterprise, they must share a common criminal purpose. *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); *Libertad v. Welch,* 53 F.3d 428, 441 (1st Cir.1995).

Apparently, the dichotomy between the requirements for a legal entity enterprise and an association-in-fact enterprise, sometimes, has led courts to suggest that the two types of enterprise are necessarily separate and distinct. *See United States v. Lemm,* 680 F.2d 1193, 1198 (8th Cir. 1982). However, the statute's use of the conjunctive "and" in linking the two types of enterprise suggests that an enterprise may consist of both a legal entity and an associated group of individuals. Indeed, several courts, including the First Circuit, have so held. *See, e.g., United States v. London,* 66 F.3d 1227, 1243 (1st Cir.1995) (upholding finding of association-in-fact en-

terprise consisting of individual, corporation, and sole proprietorship); *United States v. Perholtz,* 842 F.2d 343 (D.C.Cir. 1988) (upholding finding of association-in-fact enterprise consisting of several individuals and eleven corporations); *United States v. Feldman,* 853 F.2d 648 (9th Cir. 1988) (upholding finding of association-in-fact enterprise consisting of individual and various corporations).

Unfortunately, the rationale for those holdings has not always been clear. In attempting to reconcile the fact that legal entities may not be formed for criminal purposes with the requirement that individual members of an association-in-fact enterprise share a common purpose, some courts have suggested that the criminal purpose of an individual who controls an otherwise legitimate legal entity may be imputed to the entity. *See In re Sumitomo Copper Litigation,* 104 F.Supp.2d 314, 325 (S.D.N.Y.2000); *Local 875 I.B.T. Pension Fund v. Pollack,* 992 F.Supp. 545, 568 (E.D.N.Y.1998). The Ninth Circuit, on the other hand, has taken a more direct approach and has held that a legal entity need not share the criminal purposes of individuals controlling it in order to be part of an association-in-fact enterprise. *Feldman,* 853 F.2d at 657. In *Feldman,* the Court stated:

> ... RICO does not require intentional or "purposeful" behavior by corporations charged as members of an association-in-fact. Individual corporations may be entirely legitimate and need not benefit from the racketeering; in fact, the criminal activity charged may harm each individual corporation by looting it, or a corporation may be used by the defendant to line his or her pockets.... What RICO does require as a showing of common purpose is "proved by evidence of an on-going organization, formal or in-

formal, and evidence that the various associates function as a continuing unit."

*Id.* (quoting *Turkette,* 452 U.S. at 583, 101 S.Ct. 2524).

This Court finds the rationale expressed in *Feldman* to be persuasive. There is no sound reason why an otherwise legitimate organization can be part of a legal enterprise entity because it is operated by a defendant for criminal purposes but the same entity cannot be part of an association-in-fact enterprise along with the same defendant. As long as the individual members of the enterprise control an entity and utilize it to achieve their criminal purposes, the entity may be deemed a member, albeit a non-culpable member, of an association-in-fact enterprise.

*Feldman* also is perfectly consistent with the First Circuit's holding in *London* which recognized, at least implicitly, that a legal entity, itself, need not share the unlawful purposes of those controlling it in order to be part of an association-in-fact enterprise.

The defendants argue that the cases recognizing the existence of association-in-fact enterprises between individuals and legal entities are distinguishable because, in this case, the legal entities are governmental entities that cannot be deemed to have an unlawful purpose. That argument fails for several reasons.

First, as already noted, a legal entity may be part of an association-in-fact enterprise even though it does not subscribe to the unlawful purposes of the individual members.

Second, the fact that the laws creating governmental entities do not permit them to engage in illegal activities does not distinguish them from private entities. Like municipal entities, private entities may be formed only for lawful purposes and are prohibited from engaging in criminal activities.

Finally, several courts of appeals have upheld findings of association-in-fact enterprises that included governmental entities. *See, e.g., United States v. Masters,* 924 F.2d 1362 (7th Cir.1991) (upholding association-in-fact enterprise consisting of lawyer, his law firm, sheriff, county sheriff's department, police chief, and municipal police department); *United States v. McDade,* 28 F.3d 283 (3rd Cir.1994) (upholding association-in-fact enterprise consisting of congressman, his two offices, and congressional subcommittees that he chaired); *United States v. Dischner,* 974 F.2d 1502 (9th Cir.1992) (upholding association-in-fact enterprise consisting of municipal officials, office of mayor, and department of public works).

In short, this Court finds that, under §§ 1962(c) and (d), an association-in-fact enterprise may consist of both a group of individuals who join together for a common criminal purpose and otherwise legitimate entities, including governmental entities, that are controlled and used by those individuals to achieve that purpose.

### Conclusion

For all of the foregoing reasons, the defendants' motions for judgment of acquittal with respect to Counts I and II are DENIED.

IT IS SO ORDERED.