IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2007

## JAMES SWIGGETT v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 4974     Robert E. Cupp, Judge**

_____

**No. E2007-00418-CCA-R3-HC - Filed October 23, 2007**

_____

The Petitioner, James Swiggett, appeals the summary dismissal of his petition for the writ of habeas corpus. Swiggett is currently serving a sentence of life imprisonment as a result of his conviction for first degree murder. On appeal, he argues that the trial court erred in concluding that his petition failed to state a colorable claim for habeas corpus relief. After review, we affirm the judgment of the Johnson County Criminal Court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

James E. Swiggett, *Pro se*, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Petitioner is currently an inmate at the Northeast Correctional Complex in Mountain City, where he is serving a life sentence stemming from his first degree murder conviction in Greene County. In January 1992, the Petitioner and two co-defendants were tried for first degree murder, and the proof at trial established that on the morning of March 6, 1989, the Petitioner went to the victim's place of business, pulled out a pistol, and shot the victim twice. *State v. James (Jim) Swiggett*, No. 03C-01-9209-CR-00312 (Tenn. Crim. App. at Knoxville, Nov. 23, 1994), *perm. to appeal denied, concurring in results only,* (Tenn. Mar. 27, 1995). The jury convicted the Petitioner of first degree murder; however, the two co-defendants were acquitted of all charges. *Id.* The State's theory of prosecution at trial was that the Petitioner's two co-defendants had hired him to murder the victim. The Petitioner's first degree murder conviction was affirmed on direct appeal. *Id.* Moreover, this case has been the subject of extensive appellate litigation, with the instant petition

being the Petitioner's third petition for habeas corpus relief. *See James E. Swiggett v. Howard Carlton, Warden*, No. E2006-00049-CCA-R3-HC (Tenn. Crim. App. at Knoxville, Oct. 24, 2006); *James E. Swiggett v. Howard Carlton, Warden*, No. E2003-02212-CCA-R3-PC (Tenn. Crim. App. at Knoxville, Feb. 10, 2004), *perm. to appeal denied,* (Tenn. May 10, 2004). Additionally, the Petitioner has pursued post-conviction relief without avail. *See James E. Swiggett v. State*, No. E2002-00174-CCA-R3-PC (Tenn. Crim. App. at Knoxville, Oct. 15, 2002), *perm. to appeal denied,* (Tenn. Feb. 3, 2003); *James E. Swiggett v. State*, No. 03C01-9804-CR-00161 (Tenn. Crim. App. at Knoxville, May 4, 1999), *perm. to appeal denied,* (Tenn. Nov. 9, 1999).

On November 3, 2006, the Petitioner filed the instant petition for the writ of habeas corpus in the Johnson County Criminal Court, alleging that his conviction was void because it violated the "rule of consistency." In response, the State filed a motion to dismiss the petition, alleging that the Petitioner failed to state a colorable claim for habeas corpus relief. The Petitioner's petition was denied by order of the trial court on January 25, 2007.

## Analysis

The Petitioner contends on appeal that his petition for the writ of habeas corpus was erroneously dismissed by the trial court. He asserts that the question facing this court is "[w]hether, under the 'rule of consistency', the [Petitioner] suffered a serious violation of his rights under the 4th, 5th, 6th, 8th or 14th Amendments to the Constitution of the United States of America by an inconsistent verdict[.]" The Petitioner submits that the State's sole theory of prosecution was that his two co-defendants hired him to commit a murder and that, because the co-defendants were acquitted of first degree murder, "[t]he inconsistent verdicts renders [sic] his conviction and subsequent judgments void from the record of the proceedings against him." Without any discussion of their holdings, the Petitioner cites two United States Supreme Court decisions, *Morrison v. California*, 291 U.S. 82, 54 S. Ct. 281 (1934), and *Hartzell v. United States*, 322 U.S. 680, 64 S. Ct. 1233 (1944), in sole support of his position that his conviction for first degree murder is void. Conversely, the State argues that the Petitioner has failed to state a colorable claim for habeas corpus relief, because the "rule of consistency" in verdicts is more aptly applied in cases involving conspiracy.

A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

The Petitioner's argument as to seemingly inconsistent verdicts is clearly misplaced. In *Morrison*, a case upon which the Petitioner relies, the United States Supreme Court reversed the conspiracy conviction of two defendants for violating the Alien Land Law of California. 291 U.S. at 97, 54 S. Ct. at 287. The only aspect of the Court's holding in *Morrison* that could conceivably

be construed as germane to the Petitioner's present claim is the Court's recognition that "[i]t is impossible in the nature of things for a man to conspire with himself." *Id*. at 92, 54 S. Ct. at 285. The Court concluded that the evidence was legally insufficient to support the conviction of one defendant and that the conviction of the sole coconspirator should similarly be voided. *Id*. at 92-97; 54 S. Ct. at 285-87*; see also Getsy v. Mitchell*, 2007 FED App. 0281P (6th Cir.) (characterizing the *Morrison* holding as "reversing two defendants' joint conspiracy convictions where due process precluded the state's reliance on a legal presumption to establish an element of the conspiracy"). However, neither the Petitioner in this case, nor his co-defendants, were charged with or convicted of conspiracy. All were charged with first degree murder. Furthermore, the other decision cited by the Petitioner, *Hartzel v. United States*, 322 U.S. at 687, 64 S. Ct. at 1236-37, is wholly inapposite to the Petitioner's argument, as the Supreme Court in that case reversed the conviction of a defendant for insubordination based only upon its conclusion that the evidence did not support a finding of specific intent. *See also United States v. Crayton*, 357 F.3d 560, 566 (6th Cir. 2004) (quoting *United States v. Bucuvalas*, 909 F.2d 593, 597 (1st Cir. 1990), in which the First Circuit stated "[t]he *Hartzel* decision . . . did not involve inconsistent jury verdicts").

Regarding seemingly inconsistent verdicts, in *Wiggins v. State*, 498 S.W.2d 92, 93-94 (Tenn. 1973), specifically adopting the rationale of *Dunn v. United States*, 284 U.S. 390, 52 S. Ct. 189 (1932), our supreme court held as follows:

> Consistency in verdicts for multiple count indictments is unnecessary as each count is a separate indictment. Therein lies the essential reasoning. An acquittal on one count cannot be considered res judicata to another count even though both counts stem from the same criminal transaction. This Court will not upset a seemingly inconsistent verdict by speculating as to the jury's reasoning if we are satisfied that the evidence establishes guilt of the offense upon which the conviction was returned.

As the trial court correctly noted in its order denying habeas corpus relief: "There is no showing in this record that the verdicts in this case are inconsistent. The fact[] that the petitioner shot the victim and as pointed out by the State the proof in this case did not necessarily show that the co-defendants were participants." We agree that it does not consequently follow that the jury's guilty verdict as to the Petitioner and its acquittal of his two co-defendants were in any way inconsistent.

Because the petitioner has clearly failed to establish or even allege that the trial court was without jurisdiction or authority to sentence him, or that his sentence has expired, the petitioner's argument on appeal is without merit.

### CONCLUSION

Based upon the foregoing, the judgment of the Johnson County Criminal Court is affirmed.

---

DAVID G. HAYES, JUDGE